IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JEAN EVELL BROWN, | Civil Action No.: |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| MIT FREIGHT, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

---

Plaintiff, JEAN EVELL BROWN (hereinafter, "Plaintiff"), a New York resident, brings this Complaint by and through her undersigned counsel, against Defendant MIT FREIGHT, INC.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Plaintiff brings this personal injury claim, having suffered serious and grievous injuries as a result of the Defendant's negligence. Specifically, on July 25, 2021, the Plaintiff was a passenger in her vehicle, as it was traveling westbound on I-90 in the town of Batavia. As the Plaintiff's vehicle was traveling in the left lane, a truck owned and operated by the Defendant merged into Plaintiff's lane, forcing Plaintiff's vehicle off the road and into a ditch along the side of the road. The Defendant's vehicle then continued driving and left the scene of the accident. As a result of the Defendant's negligence, the Plaintiff has been forced to undergo extensive medical treatment, surgery, and months of physical therapy, while being unable to work due to her injuries.

## PARTIES

2. Plaintiff is a natural person who is a citizen of the State of New York, has her permanent residence in the State of New York and is domiciled in the State of New York.

3. Defendant MIT Freight, Inc. is a trucking company incorporated in the State of

Washington, with its principal place of business located in the State of Illinois.

## **JURISDICTION AND VENUE**

4. This Court has diversity jurisdiction over this matter pursuant to 28 USC §1332, as this action involves (1) a single Plaintiff, who is a citizen of the State of New York, and (2) a single Defendant, who is a citizen of either State of Illinois or the State of Washington and who is not a citizen of the State of New York, and (3) an amount in controversy well exceeding $75,000.00, due to the nature of the serious and debilitating injuries suffered by the Plaintiff.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the subject motor vehicle accident happened in this district, namely on Interstate 90, in Batavia, Genessee County, New York.

## **NATURE OF THE ACTION**

6. Plaintiff brings this action to recover damages for her serious personal injuries suffered solely as a result of the Defendant's negligence.

## **ALLEGATIONS OF FACT**

7. Plaintiff repeats and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

8. On July 25, 2021, the defendant, **MIT Freight, Inc.**, was the operator of a truck bearing the MIT logo.

9. On July 25, 2021, the defendant, **MIT Freight, Inc.**, owned the aforementioned motor vehicle.

10. On July 25, 2021, the defendant, **MIT Freight, Inc.**, managed the aforementioned motor vehicle.

11. On July 25, 2021, the defendant, **MIT Freight, Inc.**, was responsible for the repairs of the aforementioned motor vehicle.

12. On July 25, 2021, the defendant, **MIT Freight, Inc.**, controlled the aforementioned motor vehicle.

## COUNT I
*(Negligence)*

13. Plaintiff repeats and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

14. On July 25, 2021, at approximately 5:50 p.m., the Plaintiff was a passenger in her vehicle, as it was traveling westbound on Interstate 90, at approximately mile marker 392.7, in the Town of Batavia in Genessee County, New York.

15. As the Plaintiff's vehicle was being safely and properly operated in the left lane at the subject location, the vehicle owned and operated by **MIT Freight, Inc.** dangerously and negligently merged into her lane, forcing Plaintiff's vehicle off the road and into a roadside ditch.

16. The Plaintiff suffered serious, grievous, and permanent injuries as a result of the subject motor vehicle accident.

17. The accident and the injuries resulting therefrom to Plaintiff were caused solely and wholly by direct reason of negligence, recklessness and carelessness of the Defendant, without any negligence on the part of the plaintiff contributing thereto.

18. The above stated occurrence and the results thereof were in no way due to any negligence on the part of the Plaintiff contributing thereto, but were caused by the negligence of the Defendant in the ownership, operation, management, maintenance and control of the aforementioned motor vehicle; in operating same without due regard to the rights and

safety of the Plaintiff; in operating said motor vehicle in a manner which unreasonably endangered the Plaintiff; in failing to properly steer, guide, manage and control said vehicle; in operating same at a rate of speed greater than was reasonable and proper at the time and place of the occurrence; in failing to safely maintain lanes of travel, in failing to apply the brakes or slow down or stop in such a manner as would have prevented the occurrence; in negligently failing to properly maintain the aforementioned motor vehicle; in negligently entrusting the aforementioned motor vehicle to be used and operated by the defendant; in failing to have made adequate and timely observation of and response to conditions; in failing to stop before a collision with Plaintiff's vehicle occurred; in failing to keep proper look-out when controlling said vehicle; in failing to properly maintain said vehicle according to law; in failing to give adequate and timely signal, notice or warning; in operating said motor vehicle in violation of the traffic rules, regulations, statutes and ordinances in such cases made and provided; and in being otherwise careless, reckless, and negligent in the ownership, maintenance, operation and control of said motor vehicle.

19. Solely by reason of the foregoing, the Plaintiff became and was rendered sick, sore, lame and disabled; received severe, serious and permanent injuries in and about diverse parts of her person; experienced great pain and suffering and plaintiff suffered and still suffers from said injuries; and plaintiff have been informed and verily believes said injuries to be of permanent nature; and plaintiff was incapacitated and will continue to be incapacitated from attending to usual duties, hobbies, activities and avocation; and plaintiff were compelled to and did seek hospitalization, medical care and treatment and will require further medical care and treatment in the future; and plaintiff was caused to and did expend diverse sums of money in an effort to cure and heal herself and will in the future be required

to incur additional expenses for such medical and other aid; and plaintiff in other ways sustained the loss of diverse sums of money, all of which will continue into the future.

20. The Plaintiff suffered serious, grievous, and permanent injuries as a result of the subject motor vehicle accident, including a torn rotator cuff in her left shoulder, which required surgical intervention along with another torn rotator cuff in her right shoulder which will require its own surgery, as well as months of rehabilitation to repair.

21. Despite the passage of several months since this motor vehicle accident, Plaintiff still continues to suffer pain and disability as a result of the injuries caused by the Defendant's negligence.

22. Plaintiff's injuries were caused solely by the negligence of the Defendant, and without any negligence on the part of the Plaintiff contributing thereto.

23. As a result of the Defendant' actions, Plaintiff's life and limb has been severely harmed, and the Plaintiff therefore seeks $5,000,000.00 in compensation for those injuries.

## DEMAND FOR TRIAL BY JURY

24. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) that Plaintiff be awarded a judgment in an amount no less than $5,000,000.00;

(b) for the costs and disbursements of this action; and

(c) such other and further relief as this Court may deem just and proper.

Dated: January 20, 2022        By: __/s/ Yitzchak Zelman__
                                        Yitzchak Zelman, Esq.

Marcus & Zelman, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Office:     (732) 695-3282
Fax:        (732) 298-6256
Email:      yzelman@MarcusZelman.com
Website:   www.MarcusZelman.com